MRS. E. H. DAVIS v. GALVESTON, HARRISBURG AND SAN ANTONIO
RAILWAY COMPANY.

Decided February 17, 1906.

**1.—Derailment—Inference of Negligence.**

From the fact of derailment arises an inference of negligence on the part of the carrier. This is an inference of fact and not of law, and may be rebutted by evidence tending to show that the carrier was, at the time, in the exercise of that high degree of care required of a carrier of passengers. It is not

necessary that the carrier explain or account for the accident. Evidence considered, and held to rebut the inference of negligence.

**2.—Charge—Presumption of Negligence—Improper.**

A requested instruction to the effect that there was a presumption of negligence from the fact of derailment, was upon the weight of evidence, and properly refused.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Lovejoy & Malevinsky* and *H B. Leonard,* for appellant.—The derailment of the train is prima facie evidence of negligence. Mexican Cent. Ry. Co. v. Lauricella, 87 Texas, 279; Hutch. on Carriers, sec. 800; International & G. N. Ry. Co. v. Thompson, 77 S. W. Rep., 441; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Texas, 276; Elliott on R. R., sec. 1634; Fetter on Carriers, sec. 482; 3 Thomp. on Neg., secs. 2770-2773; Galveston, H. & S. A. Ry. Co. v. Fales, 77 S. W. Rep., 234.

*Baker, Botts, Parker & Garwood, Andrews, Ball & Streetman* and *C. L. Carter,* for appellee.

REESE, Associate Justice.—This is a suit brought by Mrs. E. H. Davis against the Galveston, Harrisburg & San Antonio Railway Company to recover damages for personal injuries. Damages are laid at $30,000. Upon trial before a jury there were a verdict and judgment for the defendant, from which the plaintiff appeals.

By agreement on file counsel for appellant withdraws the seventh, eighth, ninth and tenth assignments of error, and asks the court to disregard the same. These assignments complain of the charge of the court in various particulars, which, it is stated in the agreement, was prepared by appellant's counsel.

The petition alleges substantially that appellant was a passenger on a train of appellee, traveling from San Antonio to Beaumont, and that the train was derailed; that appellant was at the time standing in the closet, and that the door of the closet flew open and struck her on the back with great force, inflicting upon her the injuries of which complaint is made, which are alleged to be serious and permanent.

Appellee answered by general demurrer and general denial, and by special exceptions not necessary to be further shown.

The first three assignments of error are addressed to the alleged error of the court in refusing to grant appellant's motion for new trial on the grounds, substantially.

First. That the undisputed facts show that appellant was injured by the negligence of appellee.

Second. That the verdict is against the great weight and preponderance of the evidence; and

Third. That the verdict is without any facts to support it.

The undisputed evidence showed that while appellant was riding in a train of appellee, at the time stated in the petition, the train ran off the track. There was a sharp conflict in the evidence as to the character and extent of the appellant's injuries, which, in the view we take

of the case, need not be further referred to. The accident occurred in the outskirts of the city of Houston. To rebut the inference of negligence to be drawn from the fact of the derailment, appellee introduced evidence to show that the engine and cars composing the train had come, running upon the usual time, from San Antonio without accident of any kind; that at the time of the derailment the train was running at a speed of six or eight miles an hour; the locomotive, the mail car and the forward trucks of the baggage car passed safely over the place where the derailment occurred, the rear trucks of the baggage car and the cars following it left the track. The wheels first dropped down by the side of the rails and ran a short distance, about fifty or sixty feet on the ties. One or more cars at the rear end of the train did not leave the rails. The stop was gradual and the derailed cars were slightly tilted to one side, standing nearly level. The conductor testified:

"After I left the sleeping car and went up the side of the train, I did make an examination of the track, the condition of the track and the place where the cars first left the track, I examined from the head end back to where the cars were off, and my impression was the wheels of the car first left the track at the frog; I could not tell anything about the condition of the track at that place, it appeared to be all right up to that frog, and the frog appeared to be in condition; where the cars left the track at the frog it was torn up; I had no definite knowledge as to what caused that train to leave that track, it was simply an inference on my part as to what caused that train to leave the track. Witness was asked for his inference, plaintiff objected, sustained. I do not know what size rails were on the track there at that place; I have been railroading fifteen or twenty years; I did observe whether they were light or heavy rails, I could not pass on it, whether they were sixty or eighty pounds, my impression was they were standard eighty pound rails, that that track had all been made of good rails; the track was ballasted with standard ballast; I did not see anything there to cause the wheels of the coaches to leave the rails at that place. I could not see anything defective; I took charge of that train at San Antonio, and those cars had remained on the track all the time up to that time, had no derailment or anything of that kind; the engine and cars which did not leave the track that were in front of the train had passed over that particular place without leaving the track."

It is contended by appellant that from the fact that the train was derailed there arises in favor of appellant the inference that such derailment was caused by the negligence of the appellee company, which would not only authorize but require a verdict for appellant, unless that inference was rebutted by some evidence tending to show that appellee was at the time in the exercise of that high degree of care required of the carrier towards a passenger. It is further insisted that there is no evidence in the record to rebut this inference of negligence arising from the fact of the accident, or if there is any evidence at all it is so slight that a verdict based upon it would be against the manifest weight and preponderance of the evidence of negligence afforded by the inference of negligence referred to.

That there is this inference of negligence (not an inference of law, however), from the fact of the derailment, upon which the appellant might rest and which it is incumbent upon the appellee to rebut, is settled by the authorities in this State and indeed is a rule of universal application, so far as we have been able to find. The carrier, however, is not an insurer of the safety of the passenger, but is only required to use toward him, in his character of passenger, that high degree of care which very careful, prudent and competent persons would use and exercise under the same or similar circumstances.

In relation to the accident in which appellant is alleged to have been injured appellee was required to use such high degree of care to provide safe appliances in the way of the train upon which appellant was a passenger and its equipment, and a safe and secure track. The evidence negatives any inference that the derailment was caused by an obstruction on the track which should have been guarded against. The only evidence introduced by appellee as to that was the fact that the train had been run in a continuous journey from San Antonio to Houston safely and without anything to indicate any defect or weakness in any part of the equipment. The testimony of the conductor, hereinbefore referred to, tended to show that at the place where the accident occurred the track was in good condition. These facts would tend to support the conclusion that the accident was not caused by any defect in either the equipment of the train or the track which would have been disclosed by the exercise, on the part of the carrier, of that degree of care required of it. The evidence is not strong, and we can not say that it is at all satisfactory to our minds, but we can not say that the jury were not authorized to consider it as sufficient to rebut the mere inference of negligence arising from the facts of the derailment. The fact that the engine, the mail car and the front trucks of the baggage car passed over that part of the track where the derailment occurred safely tends to show that it was not caused by any obstruction on the track which should have been seen.

The very slow rate of speed at which the train was moving; six to eight miles an hour; tended to rebut any inference of negligence or want of proper care on the part of the engineer. It may be urged that the evidence does not show, nor tend to show, what caused the accident, but we do not think it can be said, certainly not upon the authority of the case relied upon by appellant, that it is necessary to do this in order to rebut the *prima facie* case made out by the fact of derailment, if rebutting evidence tends to show the exercise of that degree of care required of the carrier in providing a safe vehicle and track and in the operation of the same. (Hutch. on Carriers, sec. 799; Curtis v. Rochester & I. Ry. Co., 18 N. Y., 534.)

In the Lauricella case (87 Texas, 277), chiefly relied upon by appellant, the cause of the derailment of the train was shown and was considered by the court as direct evidence of negligence on the part of the servants of the carrier. Either those operating the train ahead of the one upon which Lauricella was riding allowed the wounded bull to remain on the track after having been run over, or, if the presence of the bull on the track could not thus be accounted for, those operating

the train to which the accident occurred had used no care to detect his presence on the track, and by blowing the whistle to get him off.

In Fales case (77 S. W. Rep., 234) the evidence showed that the train was running fifty or sixty miles an hour when it struck the curve where the derailment occurred. The engine and all of the cars left the track, were piled up one upon another and burned. There was no evidence to rebut the inference of negligence by showing the exercise of care by the carrier in the matter of either vehicle, track or operation of the train.

In Thompson's case (77 S. W. Rep., 439) the accident was shown to have been caused by running over a calf which strayed upon the track through a defect, near by, of the right of way fence. No evidence was offered to rebut the inference of negligence, the defendant relying upon the defense that it was not required to provide against the presence of cattle on the track by fencing the track or keeping the fence in repair.

In the present case we have the naked fact of a derailment of part of a train, running six or eight miles an hour, over a well ballasted track apparently sound, it being a reasonable inference (in the absence of evidence to the contrary) from the fact that the train had come from San Antonio to Houston in safety, that the vehicle in which appellant was riding and other equipment of the train were safe and in good condition, so far as the carrier could have determined by the exercise of the degree of care required of it.

The issue of negligence was submitted to the jury under proper instructions, and we can not say that their verdict for appellee thereon is either unsupported by the evidence or against the manifest weight and preponderance of the evidence to such an extent as to authorize the inference that they were actuated by passion or prejudice.

What has been said disposes also of the fourth assignment of error, that the court should have instructed peremptorily for the plaintiff. No such instruction was requested. On the contrary the court's charge submitting the issues to the jury was prepared by appellant's counsel and may be said to have been given at his request.

The fifth assignment of error complains of the refusal of the court to give a special instruction requested by appellant, to the effect that there was a presumption of negligence from the fact of the derailment, and that in order for the company to exonerate itself from liability it must show that the accident could not have been avoided by the exercise of the utmost care and foresight reasonably compatible with a prosecution of its business. This instruction was upon the weight of the evidence and it was not error to refuse to give it. A charge of this nature was declared to be error in both the Lauricella case and the Fales case, *supra,* but was held to have been harmless in those cases in view of the facts. (Heldt v. Webster, 60 Texas, 208; Texas & Pac. Ry. Co. v. Buckelew, 3 Texas Civ. App., 275.)

The sixth assignment of error directed to the alleged error of the court in giving an instruction to the jury, at the request of appellee, to the effect that defendant could not be held liable for the consequences of an accident against which it could not have guarded by the exercise of that high degree of care and foresight which very

prudent persons under the same circumstances would have exercised. Appellant contends that the measure of duty of the carrier is incorrectly stated in this instruction, and that such measure is the exercise of the "utmost care and foresight reasonably compatible with a prosecution of its business." The instruction given, in this particular, was in exact accordance with the rule laid down in International & G. N. Ry. v. Halloren, 53 Texas, 53, and approved in International & G. N. Ry. v. Welch, 86 Texas, 204. It is also in the language of the court's charge prepared by counsel for appellant. (Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72.)

The other assignments of error have been withdrawn.

We find no error requiring a reversal of the judgment and it is affirmed.

*Affirmed.*