## A. B. FREEMAN, Respondent, v. W. H. FOREMAN et al., Appellants.

**Springfield Court of Appeals, February 7, 1910.**

1. **BAILMENT: Injury to Property: Proof of Negligence When Pleaded: Res Ipsa Loquitur.** In a suit against livery stable keepers for injury to a mare entrusted to the agistors by the owner to keep for hire, the petition alleged that: "While she was in their keeping and care, they carelessly and negligently, by their agents, servants and employes, injured, or suffered her to be injured, in and about the hind legs." *Held*, that while plaintiff was bound under the pleadings to prove negligence, that proof of the bailment and injury to the horse while in the care of the defendants made a *prima facie* case, and casts upon the defendant the burden of showing that they had exercised ordinary care.

2. ————: **Negligence: Pleading.** In bailment cases, it is not necessary to plead negligence. It is sufficient for the plaintiff to allege the contract of bailment and his compliance therewith, and a failure of defendant upon demand to return the property, or its return in an injured condition.

3. ————: ————: ————. In cases grounded on negligence, the burden of proving negligence is upon him who alleges it, and when a bailor grounds his action in negligence, he waives his right under the usual mode of procedure in bailment cases, and subjects himself to the rules applicable in negligence cases.

4. **NEGLIGENCE: Pleading: Res Ipsa Loquitur.** In all negligence cases where the charge of negligence is a general one, and the plaintiff can show that the loss or injury occurred under such circumstances that it may be reasonably inferred from the fact that injury did occur, that if ordinary care had been used by the party charged, the injury would have resulted, he thereby makes a *prima facie* case and casts upon the defendant the burden of showing that he exercised that degree of care which, under the law, it was his duty to exercise in the particular case.

5. **BAILMENT: Injury to Animal: Res Ipsa Loquitur: Unskillful Treatment.** A presumption of negligence which arises from the fact of injury while an animal was in the exclusive control of the agistor would not continue and apply to

any injury that might be occasioned by the unskillful treatment of the animal by the owner after the initial injury was inflicted.

6. ———: ———: ———: **Proof of Specific Acts of Negligence.** In a suit for damages for injuries to a horse which was injured while in the care of defendant, the rule of *res ipsa loquitur* was invoked; it was held that though plaintiff offered some testimony tending to show some specific acts of negligence on the part of defendants, that he should not be deprived of the benefit of a presumption that already obtained in his favor.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

AFFIRMED.

*Walden & Andrews* for appellants.

(1) This action, being based upon negligence, it was incumbent upon plaintiffs, in order to hold defendants to prove the negligence, and that the negligence caused the injury. Breen v. Cooperage Co., 50 Mo. App. 212; Slepp v. Railroad, 85 Mo. 229; 6 Thomp. Neg. 657. (2) A livery keeper is not an insurer of the horses entrusted to him, and is only bound to use ordinary care with respect to them, and is only liable for loss occurring through his negligence. Crawford v. Cashman, 82 Mo. App. 554; McCarty v. Wolfe, 40 Mo. 520. While it is true in a simple case of bailment for hire where the property bailed was delivered to the bailee in good condition, and was lost or damaged when returned, and the plaintiff alleges these facts and proves them, a *prima facie* right to judgment is established. Dixon v. McDonnell, 92 Mo. App. 479; Wiser v. Chesley, 53 Mo. App. 547; Crawford v. Cashman, 82 Mo. App. 558; Arnot v. Parconier, 14 Mo. App. 431; Cummins v. Mastin, 43 Mo. App. 558. (3) But, where plaintiff alleges the property was lost through defendants' carelessness and negligence, a different rule obtains, for which distinction is shown in a well estab-

lished line of authorities in this State.   McCarthy v.
Wolf, 40 Mo. 520; Cummins v. Mastin, 43 Mo. App.
558; Winston v. Taylor, 28 Mo. 86.

*C. V. Buckley* and *R. M. Sheppard* for respondent.

(1)   When it is shown that a bailee receives stock
of any kind, to be kept for hire, in good condition and
fails to return them in like condition, a *prima facie*
cause of negligence is made by the plaintiff and it rests
on the defendant to exonerate himself from liability.
Crawford v. Cashman & Son, 82 Mo. App. 554; Dixon
v. McDonald, 92 Mo. App. 479.   (2)   The allegation of
negligence in plaintiff's complaint is in general terms;
there is no specific allegation of negligence.   Kirkpat-
rick v. Railroad, 211 Mo. 68.

STATEMENT.—The defendants were livery stable
keepers in the city of Joplin, Jasper county, and plain-
tiff entrusted to their keeping for hire a mare owned
by him.   This animal received an injury in one leg
while in the care of defendants.   Plaintiff sued for
damages for such injury before a justice of the peace
where judgment went for defendant. Plaintiff appealed,
and on trial in the circuit court, recovered judgment,
and defendants have appealed to this court, assigning
as error the refusal of the court to sustain a demurrer
to the testimony, and error in the declarations of law.
The complaint upon which this action is based
sets up the bailment of the mare to the defendants
and then alleges that "while she was in their keeping
and care, they carelessly and negligently, by their
agents, servants and employees, injured or suffered her
to be injured in and about the hind legs;" then alleges
damages and prays for judgment.   In the circuit court
a jury was waived and trial had by the court.

COX, J.—As to the refusal of the court to sustain
a demurrer to the testimony it will be sufficient to say

without setting out the testimony in full that there was testimony tending to show that the animal was injured while in the care of defendants, and also some testimony tending to show negligence upon their part. There was also evidence tending to contradict the testimony as to negligence and to show that defendants exercised proper care in the keeping of the animal. This being true, we will not disturb the finding of the lower court upon that question.

As to the assignment of error in the declarations of law it will be noted that where a trial is had before the court without a jury, the only purpose which declarations of law serve is to show the theory upon which the court tried the case. Hence, if it appear on an examination of all the declarations of law that the court tried the case upon a correct theory, then, even though the declarations, as given, may be, in some respects, erroneous or subject to criticism, that fact will not result in a reversal of the judgment.

In this case, two instructions were given on behalf of plaintiff, and eight on behalf of defendants, and, without setting them out at length, we conclude from an examination of them that the court tried the case upon the following theory:

1.    That plaintiff having alleged negligence in his complaint assumed the burden of proving negligence upon the part of defendants in the care of the horse.

2.    That defendants were bound to use ordinary care only in the care of the horse.

3.    That while plaintiff was bound, under his pleadings, to prove negligence, yet, in this case, he discharged that burden and made a *prima facie* case by proof of the bailment and that the horse was injured while in the care of defendants, and by proof of these facts cast upon the defendants the burden to show that they had exercised ordinary care.

As to the first two of these propositions there can be no controversy. The difficulty arises upon the third

proposition. There has been some confusion in early decisions in this State upon that question, but the conflict in these decisions is more apparent than real. Attention was first called to this by Judge THOMPSON in the case of Arnot v. Branconier, 14 Mo. App. 196, in which he calls attention to the decision of the Supreme Court in McCarty v. Wolfe, 40 Mo. 520, in which it is held in a case of bailment that the plaintiff having alleged negligence in his statement assumed the burden of proving it and that this burden is not discharged by proof of the bailment and failure to return the property. In the later case of Wiser v. Chelsey, 53 Mo. 547, the Supreme Court held that a *prima facie* case was made by proof of the bailment and loss of the property. In the latter case it does not appear in the statement of the case what the pleadings alleged, but from the appellant's brief in that case, it appears that the case was tried on the negligence theory. Judge THOMPSON concluded that the case of Wiser v. Chelsey was in conflict with the case of McCarty v. Wolfe, and as it was the later case, and, as he thought, gave a correct exposition of the law upon that question, he followed that case and held that when negligence was charged in general terms a *prima facie* case was made by proof of the bailment and loss or injury of the property. This has been the uniform holding by the courts of appeals in this class of cases since. [Clark v. Shrimski, 77 Mo. App. 166; Burger v. Storage & Commission Company, 136 Mo. App. l. c. 40, 116 S. W. 444.]

We think the apparent conflict in the cases arises from a failure to distinguish between causes of action based squarely upon a contract of bailment and those founded upon negligence. It is familiar law that in bailment cases it is not necessary to plead negligence. All that is necessary is for plaintiff to allege the contract of bailment and his compliance therewith and a failure of defendant upon demand to return the prop-

erty, or, its return in an injured condition. In cases grounded upon negligence it is also familiar law that the burden of proving negligence is upon him who alleges it, and when a bailor grounds his action in negligence he waives his rights under the usual mode of procedure in bailment cases, and subjects himself to the rules applicable in negligence cases. There is one rule, however, which in a proper case for its application, practically places the plaintiff, who alleges negligence in general terms in a bailment case, upon the same footing, as far as proof is concerned, as he who brings an ordinary action upon a bailment contract without any allegation of negligence, and that is, that in all negligence cases where the charge of negligence is a general one, and the plaintiff can show that the loss or injury occurred under such circumstances that it may be reasonably inferred from the fact that injury did occur, that if ordinary care had been used by the party charged the injury would not have resulted, he thereby makes a *prima facie* case, and casts upon the defendant the burden of showing that he exercised that degree of care which under the law it was his duty to exercise in the particular case. This doctrine known in legal parlance as *res ipsa loquitur* is now a familiar rule of practice in the trial of negligence cases.

The trial court in holding that plaintiff made a *prima facie* case, by proof of the bailment and injury to the animal while she was in the care of defendants, must have done so upon the theory that this was an appropriate case for the application of the rule above cited. In this, we think he was right.

It is not usual for a horse to be injured while standing in a barn, and when one is injured while in that situation, it is but fair to assume that the injury resulted from some want of care upon the part of those in charge of the barn. The horse is committed to the care of defendants, and while in their care, is injured. The defendants are in a position to know what was

done in the way of caring for the horse, and the plaintiff is not. To require the plaintiff, under such circumstances, to prove the specific acts of negligence which caused the injury, or to prove in what particular the defendant failed to exercise ordinary care when he was not present, and had no opportunity to observe the conduct of the defendants, or their servants, would be to place upon him an impossible burden and require him to assume the responsibility of proving facts that were exclusively within the knowledge of the defendants, and of which he had, and in the nature of things, could not have any information, and would be equivalent to denying him any relief at all.

The allegation of negligence in this case is made in general terms. No specific act of commission or omission is alleged. [Price v. Metropolitan Street Railway Co., 220 Mo. 435, 119 S. W. 932.]

Defendants contend, however, that this is not a proper case for the application of the rule of *res ipsa loquitur* because they contended at the trial that plaintiff's treatment of the horse after it had received an injury in the barn augmented it and made permanent what, at first, was only a slight injury. We are unable to see how any position taken by defendants at the trial, or any evidence offered by them, could deprive plaintiff of any of his rights, or take from him the benefit of any presumption in his favor. True, the presumption of negligence, which arises from the fact of injury while the property was in the exclusive control of defendants, would not continue and apply to any injury that might be occasioned by the unskillful treatment of the horse by plaintiff after the initial injury was inflicted. The question as to what effect plaintiff's treatment of the animal after the injury may have had upon it was one of fact, and as no declarations of law were asked as to that question, we must assume that the court decided it correctly. If plaintiff's treatment of the animal did increase the effect

of the injury this would only reduce the damages and would not be a complete defense.

The fact that plaintiff offered some testimony tending to show specific acts of negligence on the part of defendants, should not deprive him of the benefit of a presumption that already obtained in his favor. Such testimony should be regarded as cumulative only,. and should have no effect upon the presumption of neg-. ligence arising from the fact of the injury itself unless such testimony should, in some way, contradict the presumption. Especially is this true, when, as in this case, such evidence does not clearly show how the injury was inflicted. [Price v. Metropolitan Street Railway Co., supra.]

This being, in our judgment, an appropriate case for the application of the doctrine of *res ipsa loquitur* our conclusion is that this case was tried upon the correct theory, and the trier of the fact which, in this case, was the court, had the right upon proof of the bailment and injury while the property was in the exclusive charge of the defendants to infer negligence therefrom. The court found the issues in plaintiff's favor, and as there is. substantial evidence to support them, we shall not disturb his findings. The judgment will be affirmed. *Gray, J.,* concurs.