[Civ. No. 5052. Second Appellate District, Division Two.—April 2, 1928.]

ELEANORE C. KILGORE et al., Appellants, v. E. B. BROWN et al., Respondents.

Harry K. Sargent and Cruickshank, Brooke & Evans for Appellants.

W. I. Gilbert for Respondents.

STEPHENS, J., *pro tem.*—Plaintiff brought an action in damages against defendants for personal injuries received by reason of an automobile collision, and the jury awarded damages in the sum of $7,815 as against the defendants Brown and Armstrong. ˙ Robert A. Wickersham filed a cross-complaint against those named in the title as his co-defendants for personal injuries received in the same accident, and the jury awarded damages to him in the sum of $1,000. Judgment was duly entered upon these verdicts and thereafter a motion for new trial was made by defendants Brown and Armstrong as to each verdict on all of the grounds provided for in section 657 of the Code of Civil Procedure except only subdivision 2, relating to misconduct of the jury, and subdivision 3, relating to accident or surprise. The trial court granted the motion without specification of the ground upon which the order was based. Plaintiff and cross-complainant appeal.

Defendant Brown was the owner and operator of a motor-bus line between the cities of Riverside and Los Angeles, and plaintiff was a passenger for hire in one of the busses at the time of the accident. Defendant Armstrong was in Brown's employ and was driving the bus at the time of the collision. The bus was traveling easterly on a boulevard and defendant and cross-complainant Wickersham was driving his automobile southerly on a cross-street. The two vehicles collided just south and west of the street intersection center. Both vehicles were upset and plaintiff and cross-complainant were both injured.

The parties all agree that the only two points urged for a new trial were: (1) error in instructing for the plaintiff on

the doctrine of *res ipsa loquitur* as against the defendants Brown and Amstrong, for the reason that the plaintiff, by her evidence, having fully explained the cause of the accident, was not entitled to an instruction on that doctrine (citing *Connor* v. *Atchison etc. Ry. Co.,* 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378], and *Marovich* v. *Central Cal. Tr. Co.,* 191 Cal. 295 [216 Pac. 595]); (2) conflicting instructions, in that the jury was informed, in effect, that under the rule *res ipsa loquitur* the burden of proof shifted to the defendants and also that the burden of proof remained with the plaintiff throughout the case.

As to the second point, the trial court gave an instruction covering the *res ipsa loquitur* rule, applying it specifically to the issues between plaintiff and defendants Brown and Armstrong. It also gave a proper instruction to the effect that the burden of proof rested throughout the case upon the plaintiff. This same point was unsuccessfully urged in *Lawrence* v. *Pickwick Stages N. D.,* 68 Cal. App. 494, 498 [229 Pac. 885], under essentially the same circumstances. It is too elemental to consume time and space to elaborate upon the principle that the burden of going forward with proof shifts to the defendant under the application of the *res ipsa loquitur* doctrine, but that the burden of proving her whole case at all times rests upon the plaintiff.

We see no inconsistency nor possible misunderstanding in the two instructions referred to. (*Atkinson* v. *United Railroads,* 71 Cal. App. 82, 87 [234 Pac. 863], quoting from *Osgood* v. *Los Angeles Traction Co.,* 137 Cal. 280 [92 Am. St. Rep. 171, 70 Pac. 169].) In this connection, and incidentally, though not having presented the point to the trial court, appellant seems to question the correctness of the *res ipsa loquitur* instruction in the use of the term "slightest negligence." Section 2100 of the Civil Code reads: "A carrier of persons for reward must use the *utmost care* and diligence for their safe carriage . . . " The terms mean the same, as used. There could not be the *slightest negligence if the utmost care* were taken. Almost the identical question was raised in *Osgood* v. *Los Angeles etc. Traction Co., supra,* and it was there held against appellant's contention.

█ As to the first point, we understand appellant contends that since the plaintiff herself and three other witnesses explained all they knew about the happening of the accident, which explanation defendants contend covered the cause thereof, that it was not a proper case for the application of the rule at all. We do not think the testimony referred to necessarily covered the negligence that caused the accident. The testimony referred to covered the fact that plaintiff was a passenger for hire; that the two cars came together, wrecking the car in which she was riding, and that she was jostled and injured. It also described the vicinity of the accident as to condition and objects such as warning posts, trees, buildings, etc., and the speed of the cars shortly before collision. Plaintiff did not attempt to plead the negligence which caused the wreck, but alleged negligence in general terms and gave the jury relevant information—perhaps all she had—about the occurrence. It should also be recalled that there was another defendant, and that to all objections to questions of plaintiff's counsel upon every subject not relevant directly to the injury counsel explained that he would rely upon the *res ipsa loquitur* rule as against Brown and Armstrong but that he could not do so as against the other defendant.

█ Appellant relies on *Connor* v. *Atchison etc. Ry. Co.,* 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378]. We do not read this case as authority for the position taken. The learned justice (Mr. Justice Wilbur) who wrote the opinion in that case states that a complete explanation of the cause of the accident was pleaded, and that "the general rule is that where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff, instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply" (citing authorities). Later in the same opinion the justice says: "In this case if the plaintiff had alleged negligence in general terms [and plaintiff did so in the instant case], and had merely proved the happening of the accident, a *prima facie* case would have been established under the *res ipsa loquitur* rule. But where the plaintiff went further and showed that the accident was caused by a

cloudburst, the question of whether or not the defendant was negligent in failing to inspect the track was to be determined by the jury without reference to the *prima facie* case resulting from the mere happening of the accident. . . . However, where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine.'' We do not think this language can be taken as authority for the proposition that if the plaintiff, after a general allegation of negligence, explains the details of the case on the witness-stand so far as she knows them, and hits upon the cause of the accident, that this deprives the plaintiff of the *res ipsa loquitur* instruction to the jury. The fact that some testimony is offered which tends to show specific acts of negligence does not preclude the plaintiff from relying on the presumption. (*Freeman* v. *Foreman,* 141 Mo. App. 359 [125 S. W. 524].) This does not seem to be the doctrine in *Osgood* v. *Los Angeles etc. Co., supra,* nor in *Tompkins* v. *Clay Street R. R. Co.,* 66 Cal. 163 [4 Pac. 1165], wherein the court said that no presumption of negligence arises from the mere fact of injury resulting from the collision as against the proprietor of the vehicle not occupied by the plaintiff, but that the rule clearly applies to the proprietor of the vehicle occupied by plaintiff. It would be difficult indeed to imagine how, under the rule as contended for by appellant, the case could ever be proved against the other defendant without forfeiting the benefit of the *res ipsa loquitur* rule as to the defendant carrying the plaintiff as a passenger. And even if it did, it cannot be said that the evidence given by plaintiff and her witnesses established the act of negligence that caused the wreck and injury beyond doubt, and therefore the instruction would be proper under the exception mentioned in *Connor* v. *Atchison etc. Ry. Co.* and in *Mansfield* v. *Pickwick Stages,* 68 Cal. App. 507 [229 Pac. 890].

The case of *Atkinson* v. *United Railroads of San Francisco,* 71 Cal. App. 82 [234 Pac. 863], collates and distinguishes the California cases on the general subject of *res ipsa loquitur.* In the cited case as well as in the instant case the action was for damages against two independent defendants. In each case two vehicles, one a passenger car-

rier and one not a passenger carrier, collided. In each case testimony was introduced upon the subject of negligence as alleged in the complaint against two defendants. In each case the trial court gave the jury instructions upon the doctrine of *res ipsa loquitur* applying alone to the passenger carrier. In the cited case the court, in holding that the maxim did apply, said:

"The case was presented to the jury, so far as the evidence was concerned, in the same manner as if it were an ordinary action for damages based upon negligence, the plaintiff having assumed the burden of proof upon all affirmative allegations set forth in the complaint, and the trial court having fully instructed the jury that the burden was upon plaintiff to prove those allegations before she was entitled to a verdict. However, along with the other instructions given, the court instructed the jury, in effect, that the doctrine of *res ipsa loquitur* applied, and gave two instructions upon that subject, one being general in form and the other applicable to the particular acts of negligence pleaded. Appellant contends that the doctrine of *res ipsa loquitur* did not apply and that it was therefore error for the court to instruct the jury that it did. This contention is grounded upon the claim that respondent, in her complaint, pleaded specific acts of negligence; that consequently she excluded from the case the doctrine of *res ipsa loquitur*, and lost the right to have the jury instructed upon that subject."

See, also, *Marovich* v. *Central California Tr. Co., supra, Koskela* v. *Albion Lumber Co.,* 25 Cal. App. 12 [142 Pac. 851], *Houghton* v. *Market Street Ry. Co.,* 1 Cal. App. 576 [82 Pac. 972], and *Housel* v. *Pacific Electric Ry. Co.,* 167 Cal. 245 [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73]. Perhaps the latest California case squarely and very clearly deciding the point under consideration is *Burke* v. *Dillingham,* 84 Cal. App. 736 [258 Pac. 627].

The court gave four instructions prepared from the provisions of the California Motor Vehicle Act. (Stats. 1923, p. 517.) No criticism is made as to the instructions themselves, but appellant complains that they show that respondent, plaintiff below, relied "upon specific proof of negligence in submitting her cause to the jury." We see

no point in appellant's argument, as even in a case wherein the maxim *res ipsa loquitur* is applicable the result of the negligence, to wit, the happening, if not the reason for the happening, by which the injury was sustained, must be both alleged and proved and the burden thereof sustained throughout the case by the plaintiff; and of course it follows that instruction as to the law should be given. It is not sufficient merely to allege and prove the relation of carrier and passenger and the injury. ▆ "It is not the injury, but the manner and circumstances of the injury, that justifies the application of the maxim and the inference of negligence." (*Davis* v. *Galveston etc. Co.*, 42 Tex. Civ. App. 55 [93 S. W. 222].)

▆ Although the point seems not to have been touched upon by appellants in argument to the trial court for a new trial, it is here contended that the *res ipsa loquitur* rule as given in the instruction might well have been misunderstood by the jury as applying to the defendant Wickersham also; but we do not see how its application could have been made clearer, since the instruction specifically and very plainly limits it to the defendants Brown and Armstrong. Respondents also state in their reply to Wickersham's brief that although it is not included in points one and two, "nowhere was there an instruction on the degree of care required of Brown and Armstrong as to Wickersham, and under the *res ipsa loquitur* instruction they might well have concluded that Brown and Armstrong owed the highest degree of care to Wickersham and would be liable for the slightest negligence." We think the following instruction, which was given, effectually answers this suggestion:

"In so far as the cross-complainant's cross-complaint against the defendants Brown and Armstrong is concerned, you are instructed that the burden of proof is upon him to establish that the defendants Brown and Armstrong were negligent and that such negligence directly and proximately caused the accident to his car. And in this connection you are instructed that if you shall find from the testimony that the cross-complainant Wickersham was guilty of any negligence directly and proximately contributing to the happening of the accident in any degree, however slight, your verdict will be for the defendants Brown and Armstrong on the

cross-complaint, notwithstanding you may believe that they were guilty of negligence at the time and place of the accident.''

■ We appreciate the rule that this court should not disturb the ruling of a trial court in granting or refusing to grant a motion for a new trial if it can be supported at all. (*Houghton* v. *Market Street Ry. Co., supra.*) The trial court is clothed with a large discretion, but this discretion is a legal one. It must rest upon a sound reason to be found in the case itself, and no such reason has been here pointed out nor have we, in generally reviewing the whole record, discerned any.

The order granting a new trial is reversed.

Works, P. J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.