NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORLONZO HEDRINGTON, | No. 23-15191 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02333-KJM-DB |
| and | |
| PETER L. FEAR, in his capacity as the Trustee of the Chapter 7 Bankruptcy Estate of Orlonzo Hedrington, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted May 27, 2025
San Francisco, California

Before: FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Plaintiff Orlonzo Hedrington appeals from the district court's grant of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

summary judgment for the United States in his Federal Tort Claims Act ("FTCA") action on two independent grounds: (1) res judicata and (2) insufficient evidence to support his negligence claim. We analyzed the first ground in an accompanying opinion, and we now turn to the second ground in this memorandum disposition.

We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo." *United States v. Washington*, 928 F.3d 783, 790 (9th Cir. 2019). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law." *Id.*

Hedrington's evidence raises a triable issue of material fact that precludes summary judgment on the negligence claim under a "res ipsa loquitur" theory. Even if Hedrington did not use the term "res ipsa loquitur," that was the theory underlying his arguments in the district court, and he had sufficient evidence to create a genuine issue of material fact. Because "it is claims that are deemed waived or forfeited, not arguments," we reject the government's argument that we may not consider that theory on appeal. *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).[1]

---

[1] Construing Hedrington's pro se filings liberally, we also conclude that Hedrington has preserved the res ipsa loquitur argument on appeal. *See Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("[T]he Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" (quoting *Haines v. Kerner*, 404

In California,[2] "the doctrine of res ipsa loquitur is defined by statute as 'a presumption affecting the burden of producing evidence.'" *Brown v. Poway Unified Sch. Dist.*, 843 P.2d 624, 627 (Cal. 1993) (quoting Cal. Evid. Code § 646(b)). Though "the burden of proof remains with the plaintiff throughout the trial," res ipsa loquitur "provides a presumption of negligence." *Sargent Fletcher, Inc. v. Able Corp.*, 3 Cal. Rptr. 3d 279, 288 (Ct. App. 2003) (citing *Kilgore v. Brown*, 266 P. 297, 298 (Cal. Ct. App. 1928)). The presumption generally applies when three conditions are met: "(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Brown*, 843 P.2d at 627 (quoting *Ybarra v. Spangard*, 154 P.2d 687, 689 (Cal. 1944)). At summary judgment, a plaintiff typically must have produced evidence of all three conditions to invoke res ipsa loquitur. *See Elcome v. Chin*, 1 Cal. Rptr. 3d 631, 635–36, 640 (Ct. App. 2003). California "courts have relied both on common knowledge and on expert testimony" in this inquiry. *Kerr v. Bock*, 486 P.2d 684,

U.S. 519, 520 (1972) (per curiam))). As Hedrington stated at oral argument: "I was . . . drugged. . . . I had two shots. . . . I brought [res ipsa loquitur] up in a different way in my briefs as a pro per, but you know, there's so much evidence there that it's almost impossible not to see *something* happened." Oral Arg. at 40:45–41:40.

[2] FTCA actions are governed by the substantive law of the state in which the alleged tort occurred. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006).

3

686 (Cal. 1971) (quoting *Clark v. Gibbons*, 426 P.2d 525, 532 (Cal. 1967)). But if a "[p]laintiff was rendered unconscious for the purpose of undergoing surgical treatment by the defendants[,] it is manifestly unreasonable for them to insist that he identify any one of them as the person who did the alleged negligent act" for him to meet his burden on the second condition. *Ybarra*, 154 P.2d at 690. Thus, res ipsa loquitur applies when a patient, while unconscious, suffers "distinct injury to a healthy part of the body not the subject of treatment, nor within the area covered by the operation." *Id.*

At summary judgment, Hedrington testified in a declaration and at a deposition that during inpatient recovery from heart surgery, while unconscious, he suffered an injury to his rectal area. Such evidence exempts Hedrington from proving the second condition for res ipsa loquitur—that the alleged injury was "caused by an agency or instrumentality within the exclusive control of the defendant." *Id.* at 689–90. Coupled only with "common knowledge," *Kerr*, 486 P.2d at 686 (quoting *Clark*, 426 P.2d at 532), this evidence also establishes the first and third conditions: the alleged injury is "of a kind which ordinarily does not occur in the absence of someone's negligence," and was not "due to any voluntary action or contribution on the part of the plaintiff," *Ybarra*, 154 P.2d at 689. Thus, res ipsa loquitur's "presumption of negligence" applies here. *Sargent Fletcher*, 3 Cal. Rptr. 3d at 288 (citing *Kilgore*, 266 P. at 298). Under that presumption, Hedrington's

4

evidence raises a triable issue of material fact that precludes summary judgment on the negligence claim. We reverse the order granting summary judgment and remand for further proceedings, including additional discovery if warranted, consistent with this disposition.[3]

**REVERSED AND REMANDED.**

---

[3] Hedrington's Motion for Copy of Hearing Results, Dkt. No. 40, is **denied as moot**. The Clerk is directed to provide Hedrington with a copy of this memorandum disposition and the concurrently filed opinion in the regular course.