[S. F. No. 7428.   Department One.—February 23, 1918.]

## MARYLAND CASUALTY COMPANY, Appellant, v. MATSON NAVIGATION COMPANY et al., Respondents.

SHIPS AND SHIPPING—NEGLIGENCE IN DOCKING VESSEL—DAMAGE TO DOCK WAREHOUSE—CONFLICT IN EVIDENCE—FINDINGS FOR DEFENDANT NOT DISTURBED.—In an action against ship owners for damages sustained to a dock warehouse through alleged negligence in docking a vessel, where the trial court finds on conflicting evidence that there was no negligence on the part of defendant, such finding will not be disturbed by an appellate court.

ID.—RES IPSA LOQUITUR—INFERENCES OVERCOME BY SHOWING OF DUE CARE.—If the principle of *"res ipsa loquitur"* is applicable in such a case, any inferences which might arise through its application are overcome by an affirmative showing of due care on the part of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, A. H. Jarman, and Nat Schmulowitz, for Appellant.

Andros & Hengstler, and Golden W. Bell, for Respondents.

RICHARDS, J., *pro tem.*—This is an action for damages, commenced by the plaintiff as assignee of California & Hawaiian Sugar Refining Company, against the defendants, said damages being alleged to have arisen by reason of the negligence of the defendants in the management and operation of the steamer ''Hyades,'' through which the said steamer collided with the dock warehouse of the California & Hawaiian Sugar Refining Company, at Crockett, California, the consequence of which collision being the breakage of certain water-pipes constituting a sprinkler system for the extinction of fire within said warehouse, by which the waters in said pipes escaped and damaged a large quantity of sugar stored therein. The complaint sets forth in detail the facts relating to the arrival of the steamer ''Hyades'' at the dock of the plaintiff's assignor on the day preceding the occurrence of the collision, and its safely docking there and discharging the greater part of its cargo, after which it moved out into the bay, remaining overnight, but returning the following morning to resume its former position at the dock. It was while said steamer was again attempting to lay alongside of said dock that the collision occurred which caused the damage out of which this action arose. The complaint in that behalf alleges that the defendants so willfully, negligently, carelessly, and unskillfully managed and steered said steamer that it ran into said dock warehouse with great force, tearing and destroying a portion of the north wall thereof, and causing the immediate injury complained of. The answer of the defendants, while admitting in the main the plaintiff's detailed statement of the movements of the steamer on the day preceding the accident, and up to the time of its attempted second docking at the pier, denies that the management and operation of its said steamer was in any respect negligent, careless, or unskillful, or that said steamer ran into or against said dock warehouse through any negligence, willfulness, or want of skill upon the defendants' part. The defendants' answer proceeds to aver that the only negligence existing at the time of such accident was that of the plaintiff's assignor, consisting in the maintenance by it of an improper, insecure, insufficient and faultily constructed dock warehouse, by reason of which the injuries in question arose.

The cause was tried by the court sitting without a jury, and upon submission of the cause it made its findings of fact to the effect that the defendants had been guilty of no negligence, carelessness, or unskillfulness in the management and operation of their said steamship at the time of the collision, or at any time having relation thereto; as to the defendants' plea regarding the improper and faulty construction of the dock warehouse of plaintiff's assignor, the court found "that said dock warehouse at the time when said steamer 'Hyades' made fast thereto, was improper, insecure, insufficient and faulty in its construction and nature." The judgment of the court was accordingly in the defendants' favor, and from such judgment the plaintiff prosecutes this appeal.

The appellant takes the position that the only question presented upon this appeal is the question as to whether the defendants were negligent, careless, or unskillful in their attempted docking of said steamer at the immediate time of the accident from which its assignor's injuries arose. Our attention is called to a colloquy between counsel for the respective parties to the action, at the inception of the trial, as a result of which, according to the appellant's contention, every other question, including the question as to the faulty construction of the dock warehouse, was eliminated from the case. The respondents did not so construe the colloquy, and apparently the trial court did not regard the issue as to the faulty construction of the dock warehouse as abandoned, since it made a finding thereon; but in our view of the case this particular controversy is not material, since the plaintiff could only recover, if at all, upon a sufficient showing of negligence on the part of the defendants in the handling of their ship, as a result of which the injury complained of arose; and if the finding of the trial court, to the effect that there was no negligence in respect to the matter complained of on the part of the defendants is sustained by sufficient evidence, there is an end to the plaintiff's case.

Upon this branch of the case the record is voluminous and the evidence is in sharp and irreconcilable conflict. Just what caused the collision does not appear very definitely, but there is ample evidence on the part of eye-witnesses to the docking of the ship, to justify the finding of the trial court that this was being brought about in the exercise of due care

on the defendants' part; and there is also some evidence to the effect that the action of the vessel in heaving forward at a critical moment in the process of bringing her up to the dock was due to a sudden upheaval in the tide, throwing the bow of the ship in toward the wharf in such a way as to strike the dock warehouse at the point of its injury; a fact for which the defendants would not be responsible, if, as the court finds, they were handling their ship with due care. In this state of the evidence in the case this court will not disturb the findings and judgment of the trial court.

The appellant, however, contends that it is entitled to the application of the principle of *res ipsa loquitur* in aid of its assertion that the accident occurred through the negligence of the defendants. But conceding, without determining, that this is a proper case for the application of this principle, and that the plaintiff would have had a right to rely upon it, as affording a *prima facie* showing of negligence, still the defendants would not be prevented from avoiding its application and effect by affirmative proof that it had been in no wise negligent in docking its ship; and the trial court, sitting as a jury and hearing these proofs, would be entitled to find, as it did find, that any inference which might have arisen through the application in the plaintiff's favor of the doctrine of *res ipsa loquitur*, had been overcome by the defendants' affirmative showing of due care.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.