[L. A. No. 4533. Department One.—July 18, 1918.]

ADA DIAMOND, Appellant, v. CHAS. A. WEYER-HAEUSER, Respondent.

NEGLIGENCE — PERSONAL INJURIES — JURY TRIAL — DIRECTED VERDICT, WHEN PROPER.—The existence or nonexistence of negligence is ordinarily a question of fact to be determined by a jury; but the court may withdraw the case from the jury and direct a verdict where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it.

ID.—COLLISION OF AUTOMOBILE WITH WAGON—DIRECTED VERDICT FOR DEFENDANT.—In an action for damages for personal injuries claimed by the plaintiff to have been sustained through the wagon in which she was riding having been struck by an automobile driven by the defendant, evidence examined and found to justify the action of the trial court in withdrawing the case from the jury, and directing a verdict for the defendant.

ID.—EVIDENCE—BURDEN OF PROOF OF NEGLIGENCE.—In such action the burden of proving negligence was on the plaintiff.

ID.—NEGLIGENCE NOT INFERRED FROM INJURY.—In such cases negligence *is not to be inferred from the mere fact of injury.*

ID.—MUNICIPAL SPEED ORDINANCE—EVIDENCE OF VIOLATION.—Where the violation of a municipal ordinance by propelling an automobile at an unlawful or excessive speed is relied on to sustain a charge of negligence, such expressions by witnesses as that the automobile · was "going pretty fast," "very fast," and the like are merely relative, and entirely too uncertain to serve as a basis for finding that the speed was over twenty miles an hour, or that it was in excess of the rate dictated by the demands of ordinary prudence.

APPEAL from a judgment of the Superior Court of Los Angeles County.    J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe, for Appellant.

Gurney E. Newlin, Stephens & Stephens, and W. W. Hyams, for Respondent.

SLOSS, J.—The plaintiff brought this action to recover damages for personal injuries caused by the collision of defendant's automobile with a milk wagon on which plaintiff was riding.    The trial court directed a verdict in favor of the defendant, and plaintiff appeals from the ensuing judgment.

The sole question raised on the appeal is whether there was sufficient evidence of negligence on the part of the defendant's driver to warrant the submission of the case to the jury.

The accident occurred at the intersection of North Broadway and Griffin Avenue, in the city of Los Angeles.    North Broadway runs east and west, Griffin Avenue north and south. Plaintiff was in the employ of the owner of the milk wagon, which was being driven by a coemployee.    The wagon, drawn by two horses, was going easterly on North Broadway, and turned at the intersection of Griffin Avenue to go northerly into that avenue.    As it reached the northerly side of North Broadway, it collided with defendant's automobile, which was being driven by a chauffeur in a westerly direction along the northerly side of North Broadway.    The horses ran away, and plaintiff was thrown from the wagon.

The complaint made a general charge of negligent operation of the automobile, and alleged further that the machine

was being driven at a speed in excess of the rate, i. e., twenty miles per hour, permitted by a municipal ordinance. The answer denied the allegations of the complaint.

If there was any substantial evidence tending to show that the collision was caused by negligence on the part of defendant's driver, the action of the court in directing a verdict was, of course, erroneous. The existence or nonexistence of negligence is ordinarily a question of fact to be determined by a jury. On the other hand, the court may withdraw the case from the jury and direct a verdict where the evidence is undisputed, "or is of such conclusive character, that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it." (*Davis* v. *California St. C. R. R. Co.,* 105 Cal. 131, [38 Pac. 647]; *Estate of Baldwin,* 162 Cal. 471, [123 Pac. 267].)

We think the evidence in this case was such as to justify the court in taking the action complained of. The burden of proving negligence was upon the plaintiff. In a case of this kind negligence is not to be inferred from the mere fact of injury. (*Tower* v. *Humboldt Transit Co.,* 176 Cal. 602, [169 Pac. 227].) The testimony on behalf of plaintiff was very indefinite, and, giving it all the weight which it could fairly bear, it went no further than to show that there had been a collision between the wagon and the automobile. There was a total lack of proof of any circumstances from which it might reasonably be inferred that the collision was caused by any want of care on the part of the driver of the automobile, rather than by the negligence of the driver of the wagon, or by accident without fault on the part of anyone. Plaintiff herself testified, in effect, that after the wagon had turned to go into Griffin Avenue the horses were struck by the automobile, which was coming on North Broadway. She also stated that the wagon had stopped before the left headlight of the automobile caught on the bridle of the right-hand horse. With the exception of a statement regarding the speed of the automobile (to which we shall refer hereafter), this was the extent of her testimony. Another witness testified that he saw the milk wagon as it was crossing North Broadway. The auto came down North Broadway, and the chauffeur endeavored to swing around ahead of the horses, but was unable to do so without running into the curb and hit the heads of the horses. A third witness did not see the vehicles at the

moment of collision, and his testimony, which related to conditions after the impact, throws no light upon the ultimate question of the cause of the accident. Plaintiff's fourth and last witness saw the automobile swing in, "and it took the wagon over near the curbing." So far as the general allegation of negligence is concerned, none of these witnesses testified to any fact or condition which would justify a conclusion that the collision was due to the fault of the driver of the automobile. Nor, looking to the specific averment of violation of the ordinance, did the evidence sustain the charge that the automobile was being propelled at an unlawful or otherwise excessive rate of speed. The plaintiff testified that the machine was coming "very fast"; another witness, that its speed was decreasing before it reached the milk wagon, but that it was still going "at a good speed." The only other witness who testified for plaintiff on the subject said that it looked to him as if the automobile "was going pretty fast." These statements are entirely too uncertain to serve as a basis for a finding that the speed was over twenty miles an hour, or that it was in excess of the maximum rate which would be dictated by the demands of ordinary prudence. Such expressions as "very fast," "pretty fast," and the like, are merely relative, and their meaning and effect must depend upon the unknown factor of the witness' personal views regarding standards of speed.

There were five occupants of the automobile. Four of them testified for the defendant, and their versions of the transaction were in substantial accord. They said, in effect, that the machine and the wagon both came to a complete stop, and that as the chauffeur was proceeding to drive his automobile past the wagon, and at a safe distance from it, the horses started up and ran into the machine. We cannot, of course, undertake to weigh the testimony and resolve conflicts in it. But the clear account of the occurrence given by five witnesses for the defendant serves to emphasize the defects in plaintiff's attempt to prove her case. The testimony offered by her, whether taken by itself or in conjunction with the showing made by the defendant, is entirely lacking in elements tending to establish that the collision was caused by the negligence of the defendant's driver. A verdict in favor of the plaintiff would have been so manifestly contrary to the

evidence that the trial court would have been bound to set it aside. It was, therefore, proper to direct a verdict.

The judgment is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.