[Civ. No. 3956. Second Appellate District, Division Two.—July 26, 1924.]

LOUIS W. SCELLARS et al., Respondents, v. UNIVERSAL SERVICE EVERYWHERE (a Corporation), Appellant.

[1] NEGLIGENCE—MAXIM RES IPSA LOQUITUR—CONTROL OR MANAGEMENT OF THING.—In order that the maxim *res ipsa loquitur* may apply it must first be shown that the person held liable had control and management of the thing in question.

[2] ID. — RES IPSA LOQUITUR — MEANING OF. — The maxim *res ipsa loquitur* means, "the thing, or affair, speaks for itself, and so speaking authorizes the inference of negligence in the absence of a showing to the contrary."

[3] ID.—AUTOMOBILE LEFT TO BE WASHED—DAMAGE TO ENGINE—EVIDENCE—RES IPSA LOQUITUR.—In an action to recover the amount

---

1.    See 19 Cal. Jur. 708; 20 R. C. L. 187, 188.

2.    See 20 R. C. L. 187.

3.    Circumstances tending to negative negligence by defendant as affecting rule of *res ipsa loquitur*, note, 22 A. L. R. 1471. See, also, 19 Cal. Jur. 714; 20 R. C. L. 187.

of damage to an automobile which was left by plaintiffs to be washed at the stand of the defendant and to the engine which went out of running order as an employee of said defendant was driving the car upon an elevated rack, where aside from the occurrence of the accident, there was no further showing of negligence on the part of the defendant except that high-motor speed could cause the damage which resulted, and there was evidence that the injury might have occurred as the result of other causes than racing or running the engine at an excessive speed, as defective parts or metallic crystallization, which other causes must have been those over which defendant had no control, the evidence was insufficient to establish negligence of the defendant, or to render applicable the doctrine of *res ipsa loquitur.*

[4] Id.—Cause of Damage—Surmise—Inapplicability of Doctrine of Res Ipsa Loquitur.—Where it is a matter of surmise only that the damage was due to a cause for which the defendant is liable the doctrine of *res ipsa loquitur* is inapplicable.

[5] Id.—Res Ipsa Loquitur—Right of Defendant to Overcome.—In such action, conceding, without determining, that this was a proper case for the application of the principle *res ipsa loquitur,* and that the plaintiffs would have had a right to rely upon it, as affording a *prima facie* showing of negligence, still the defendant would not be prevented from avoiding its application and effect by affirmative proof that it had been in nowise negligent in managing the object of which it had control.

[6] Id.—Evidence.—In such action, the evidence not only wholly failed to show a want of due care on the part of defendant's employee, but it affirmatively established without attempted contradiction that the condition and the maintenance of the part or parts of plaintiff's car which broke were matters with which defendant could have had no possible concern, and the defendant produced direct, positive, and undisputed testimony that the engine was not raced, as the trial court found.

[7] Id.—Evidence—Burden of Proof.—In cases where the maxim *res ipsa loquitur* is applicable the plaintiff is not relieved from the burden of proof generally required in suits for damages; the defendant need only meet plaintiff's proof by evidence of equal weight.

---

(1) 29 Cyc., p. 592.   (2) 34 Cyc., p. 1665.   (3) 6 C. J., p. 1161, sec. 160 (Anno.), p. 1162, sec. 166.   (4) 29 Cyc., p. 592 (Anno.). (5) 29 Cyc., p. 591.   (6) 6 C. J., p. 1162, sec. 166.   (7) 29 Cyc., p. 599.

7. Relation of doctrine *res ipsa loquitur* to burden of proof, notes, Ann. Cas. 1914D, 908; 16 L. R. A. (N. S.) 527; L. R. A. 1916A, 930. See, also, 19 Cal. Jur. 17; 20 R. C. L. 194.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walton J. Wood, Judge.    Reversed.

The facts are stated in the opinion of the court.

Ray L. Chesebro for Appellant.

George S. Hupp for Respondents.

CRAIG, J.—The defendant corporation appeals from a judgment for damages and from the order denying its motion for a new trial, upon the ground of insufficiency of evidence to sustain the findings and judgment of the trial court.

Appellant conducted an automobile washing and cleaning business in the city of Los Angeles, and on May 27, 1920, respondent drove his Cadillac automobile from his residence to appellant's stand, a distance of about ten blocks, where he delivered it to one Carr, an employee of appellant, and ordered it washed. Respondent returned in about two hours for the car, when he was told by said employee that it was broken. Carr handed respondent a small "wrist-pin" which he stated that he had found in the pan underneath the machine, and upon investigation by an expert it was found that the crank-case was broken in three places; that the connecting-rod had broken and gone down inside, tearing out the rocker-plate around the cam-shaft, necessitating repairs which cost $738.78.

It was alleged in the complaint that prior to said washing the machine was of the reasonable market value of $4,300, and that while in possession of defendants the latter so carelessly, negligently, and unskillfully handled and managed the same that it was damaged to the extent of $2,800. The answer specifically denied each material allegation of the complaint.

The appellant maintained an elevated rack upon which automobiles were driven up an incline about twenty feet long, to the level surface, which was forty inches above the ground. Carr testified that respondents' machine stood about twenty-five feet from the incline, and that he placed the machine in low gear and drove it to the top, whereupon he

heard a click, then a dull thud, or "bang," when he immediately shut it off at the switch and threw it out of gear; that the car was then pushed along on the rack by hand and washed. He further testified that he did not at any time have the car in high gear, and did not race the motor, and that the clutch did not slip; that he had operated nearly all makes of automobiles, and was familiar with and had operated Cadillacs; that he did not do anything unusual in the handling or management of this particular machine, and "did not know what was the matter with the motor" when it stopped.

Respondent testified that the car was purchased by him in the fall of 1917, and that he had driven it about twenty thousand miles, but had had it inspected and gone over monthly, and that when he left it at the rack it was apparently in good condition. Experts called as witnesses for respondent testified that when the car was taken down broken parts were found in the bottom of the crank-case; that high-motor speed *could* cause the damage which occurred in this instance, one witness saying "different things that I know could cause it"; that defective parts or crystallization of metal would cause it to break, and, in fact, that a defective part might have started the breaking, but that he did not know what did it; neither the respondent nor any witness in the case knew the condition before the accident of the parts involved.

Upon the evidence above outlined the court found that "the defendant so carelessly, negligently and unskillfully handled and managed the same, and particularly by racing and running the engine thereof at an excessive speed that the engine thereof was damaged and broken," as alleged in the complaint.

The respondents relied upon the doctrine of *res ipsa loquitur*. Appellant's contention is that there was not such a preponderance of the evidence in favor of plaintiffs' claim that Carr caused the damage by racing the motor as would justify the rendition of a judgment upon that theory.

The cause of the injury in this case is undetermined. It may have been one over which the defendant had control, and it might have been one with which he had nothing to do. [1] In order that the maxim *res ipsa loquitur* may apply it must first be shown that the person held liable had

control and management of the thing in question. (*O'Connor* v. *Mennie,* 169 Cal. 217 [146 Pac. 674].) **[2]** This maxim means, " 'the thing, or affair, speaks for itself,' and so speaking authorizes the inference of negligence in the absence of a showing to the contrary." (*O'Connor* v. *Mennie, supra.*) In the same opinion it is said: "Of course, to justify its application in any case, the circumstances of the accident must be such as, unexplained, afford reasonable evidence of want of care in a respect for which the defendant is liable in the particular action." **[3]** In the instant case, aside from the occurrence of the accident, there is no further showing of negligence on the part of the defendant, except the testimony above referred to that high-motor speed *could* cause the damage which resulted. To hold the defendant liable under these circumstances would be to merely conjecture that he had conducted himself negligently and thus caused the injury. **[4]** Where it is a matter of surmise only that the damage was due to a cause for which the defendant is liable the doctrine is inapplicable. (*O'Connor* v. *Mennie, supra.*) For this reason we are of the opinion that the evidence in the case before us was insufficient to establish negligence of the appellant, or to render applicable the doctrine of *res ipsa loquitur.* Besides, by respondents' own showing, the injury might have occurred as the result of other causes than racing or running the engine at an excessive speed, as defective parts or metallic crystallization, and such other causes must have been those over which the defendant had no control. It has been held in a case arising in this jurisdiction that "The doctrine of *res ipsa loquitur* involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, and the doctrine is to be applied only when the nature of the accident itself, not only supports the inference of the defendant's negligence, but excludes all others." (*Lucid* v. *E. I. DuPont etc. Powder Co.*, 199 Fed. 377 [L. R. A. 1917E, 182, 118 C. C. A. 61].) **[5]** And also we may say as the court did in *Maryland Casualty Co.* v. *Matson Nav. Co.*, 177 Cal. 610, 613 [171 Pac. 427]: "But conceding, without determining, that this is a proper case for the application of this principle, and that the plaintiff would have had a right to rely upon it, as affording a *prima facie* showing of negligence, still the defendants would not be prevented from

avoiding its application and effect by affirmative proof that it had been in nowise negligent'' in managing the object of which it had control.   **[6]**   The evidence not only wholly failed to show a want of due care on the part of appellant's agent, but it affirmatively establishes without attempted contradiction that the condition and the maintenance of the part or parts of respondents' car which broke were matters with which appellant could have had no possible concern.   And the appellant produced direct, positive, and undisputed testimony that the engine was not raced, as the court found.

**[7]**   In cases where the maxim *res ipsa loquitur* is applicable the plaintiff is not relieved from the burden of proof generally required in suits for damages; the defendant need only meet plaintiff's proof by evidence of equal weight. (*Rathbun* v. *White,* 157 Cal. 248 [107 Pac. 309]; *Cody* v. *Market St. Ry. Co.,* 148 Cal. 90 [82 Pac. 666].)   As conceded by respondents, ''Carr was the only person who could tell what did happen,'' and we have his positive testimony that he did not operate the motor at a high rate of speed; but we also have the testimony of respondents' own witnesses to the effect that there are other causes which will produce the same result, and no one testified that he saw any of the parts before the accident, or that they were not defective.

The judgment and order denying motion for new trial are reversed.

Finlayson, P. J., and Works, J., concurred.

A petition by respondents for a rehearing of this cause was denied by the district court of appeal on August 27, 1924, and a petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1924.

Lawlor J., and Richards, J., dissented.