[Civ. No. 4879. Second Appellate District, Division Two.—August 5, 1927.]

L. L. BURKE, Respondent, v. E. B. DILLINGHAM et al., Appellants.

Sarau & Thompson, W. I. Gilbert, B. P. Gibbs, Joe Crider, Jr., and J. S. Garnett for Appellants.

R. W. Richardson for Respondent.

THOMPSON, J.—On the evening of October 4, 1922, at about the hour of 7 P. M., the plaintiff was being conveyed as a passenger on one of the automobile busses owned and operated by the Dillingham Transportation Company, a common carrier of passengers between Long Beach and Whittier, when the stage collided with a truck belonging to and operated by the defendant H. G. Cauldwell. Both vehicles had been traveling in the same direction. At the time of the accident the truck was standing upon the right-hand portion of the paved highway without a lighted tail-light. Either by reason of the fact that the driver of the stage was blinded by approaching headlights (as he testified) or by reason of insufficient headlights on the stage or nonobservance, the stage was driven into the rear end of the truck. The jury returned a verdict in favor of plaintiff and against all defendants in the sum of fifteen thousand dollars, upon which judgment was entered. Two appeals are prosecuted from the judgment, one by the defendants E. B. Dillingham and H. L. Dillingham, copartners doing business under the name of Dillingham Transportation Company, and one by the defendant H. G. Cauldwell.

### The Appeal of Dillinghams.

We shall dispose first of the appeal of E. B. Dillingham and H. L. Dillingham, copartners doing business under the name of Dillingham Transportation Company, who urge a reversal of the judgment because the court erred in giving an instruction incorporating the doctrine of *res ipsa loquitur* and refusing to instruct the jury that the doctrine had no application to the case. Appellants ground their argument in this regard upon the premise that the plaintiff introduced testimony "to prove the surrounding circumstances tending to establish negligence on the part of the defendants," and they say "in so doing he waived the application of the rule." The plaintiff introduced testimony to show that the truck was standing still on the paved portion of the highway, without a tail-light and that the stage was running at a speed between thirty and thirty-five miles per hour. On cross-examination by counsel for the defendant Cauldwell, the owner of the truck, it was developed that the lights on the

stage were rather weak, which on redirect examination was amplified by the witness with the statement that in his judgment the headlights of the stage reflected ahead from fifty to seventy feet. On cross-examination it was also testified that the driver of the bus stated in the presence of one of the defendants Dillingham that he was blinded by a stream of approaching headlights.

The rule concerning the doctrine of *res ipsa loquitur* as announced by our courts is that where the specific acts of negligence are plead the doctrine has no application for the reason that in part, it is founded upon the theory that the means of proving the specific cause of the accident are peculiarly within the power of the defendant under whose exclusive control the thing which caused the accident is shown to have been. (*Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378]; *Marovich* v. *Central California T. Co.*, 191 Cal. 295 [216 Pac. 595].) This rule is subject to the limitation that where negligence is alleged generally and specific acts of negligence are also alleged, the plaintiff is entitled to have the instruction given even where the allegations appear in the same count. (*Roberts* v. *Sierra Ry. Co.*, 14 Cal. App. 180 [111 Pac. 519]; *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal. App. 689 [181 Pac. 669].) The appellants have called our attention to two cases from other jurisdictions, the one being *Dentz* v. *Pennsylvania R. R. Co.*, 75 N. J. L. 893 [70 Atl. 164], the other being *Pistorio* v. *Washington R. & E. Co.*, 46 App. D. C. 479, wherein it was held that where the plaintiff goes further than the rule requires and shows by proof the cause of the accident the presumption does not arise and he is not entitled to the instruction. This announcement is at variance with the two authorities from our own jurisdiction last cited—for the reason that in those cases plaintiff introduced evidence in support of the allegations of specific acts of negligence and explanatory of the cause of the accident. In the present case the complaint charged negligence in general terms only.

Aside from that fact, however, it should be noted that plaintiff was entitled in this case to introduce testimony to support his theory of the concurring negligence of the defendant Cauldwell, and the testimony brought out by him on direct examination was pointed at the negligence of this

co-defendant. The instruction given was proper, the instruction refused was rightly refused.

These appellants next assert that the court erred in giving an instruction as follows: "You are instructed that E. B. Dillingham and H. L. Dillingham, copartners, doing business under the name of 'Dillingham Transportation Company,' are the owners and operators of an automobile stage line, operating between the cities of Long Beach and Whittier, in the county of Los Angeles, State of California, being common carriers of passengers for hire, and as such common carriers are held to and must use the utmost care and diligence for the safe carriage of their passengers, and as owners and operators of their stage or vehicle traveling upon any road for the convenience of passengers, are liable for injuries to any person or persons as passengers on said stage done by any person in the course of his employment as a driver while driving such stage, whether done wilfully or negligently." These appellants maintain that the jury must have understood from this that the defendants were insurers of the safety of its passengers. We do not so read the instruction. The first half of the instruction clearly and succinctly stated the law relative to common carriers for hire as codified in section 2100 of the Civil Code. The remaining half of the instruction was designed to inform the jury that the owners of the stage line were answerable for the negligence of their employers acting in the course of their employment. While the language employed for this purpose might have been selected so as to more clearly express this rule of law, we cannot believe that the jury put the interpretation upon it which is suggested by counsel. The addition of the words "whether done wilfully or negligently" aids rather than destroys the proper construction, for while an employer is not responsible for a wilful tort committed by his employee in which the employee steps outside the scope of his employment, nevertheless no such question was involved in the present action and the only application which the jury could possibly make of the modifying words was to understand that the employers were liable for injuries done by their employees acting in the course of their employment if done negligently. As thus stated, there was no erroneous thought conveyed to the mind of the jury.

■ As has been indicated in the recital of facts, the plaintiff did not testify on direct examination concerning the headlights of the stage, but he was permitted on cross-examination by counsel for the defendant Cauldwell and over the objection of the defendants Dillinghams to testify relative to their condition. The appellants now urge this as their last reason for the reversal of the judgment, maintaining that inasmuch as a party has no right to cross-examine a witness upon any matter not connected with his direct examination, the reception of the .testimony amounts to reversible error. It is the plaintiff who has the right to stand upon this rule of law and insist that his witness shall not be subjected to such cross-examination. He made no objection. We know of no rule of law which gives to a co-defendant the right to object to the cross-examination of the plaintiff's witness. Undoubtedly these appellants would have had a right to object to the order of proof if in fact through the pretext of cross-examination the co-defendant made the witness his own witness, but no such objection was made, nor is any other reason urged on this appeal why the reception of the testimony was improper other than to say it extended beyond the legitimate confines of cross-examination. ■ The books abound with authorities to the effect that the proper ground for the objection must be urged before error will result.

### Appeal of Defendant Cauldwell.

■ While the defendant Cauldwell has endeavored to perfect an appeal from the judgment, it is urged by the appellants Dillinghams and assented to by plaintiff's counsel that such right was lost to him by lapse of time prior to the date he gave notice thereof. This contention is based upon the following facts: The verdict of the jury was rendered on November 6, 1923, and the judgment thereon was entered on November 7, 1923. The notice of this appeal was filed on January 12, 1924, or more than sixty days after the entry of judgment, and the limit of time fixed by section 939 of the Code of Civil Procedure provided no proceedings on motion for a new trial were pending. The defendants Dillinghams argue that although the defendant Cauldwell served a notice of intention to move for a new trial on November 11, 1923, upon counsel for the plaintiff, it was not

served on them, hence did not confer upon the trial court jurisdiction to pass upon the defendant Cauldwell's motion. In support of this contention counsel cites *Herriman* v. *Menzies,* 115 Cal. 16 [56 Am. St. Rep. 81, 35 L. R. A. 318, 44 Pac. 660, 46 Pac. 730], and *United States* v. *Crooks,* 116 Cal. 43 [47 Pac. 870], together with additional authorities. Both of the cases named hold that where the notice of intention is not served upon a party whose interests would be affected by the granting of a new trial the court is without jurisdiction to grant the motion. In both cases the appeal was from an order denying a motion for a new trial. And the court in each instance did not dismiss the appeal because the court was without jurisdiction to make an order denying the motion, but did in each instance affirm the order. This would seem to argue against the contention of the appellants Dillinghams, because unless a motion for a new trial were pending no valid order denying it could be made and no affirmance would be proper. The same may be said of the other cases relied upon by the appellants Dillinghams. Especial attention should be directed, however, to the case of *Johnson* v. *Phoenix Ins. Co.,* 152 Cal. 196 [92 Pac. 182], wherein it was distinctly stated that the appeal would not be dismissed for failure to serve all of the adverse parties, although it did furnish a good ground for the affirmance of the order denying the motion for a new trial. Our conclusion from these authorities is that a motion for a new trial was pending and the appeal of the defendant Cauldwell is in time.

 Using his own language it is the position of this appellant ''that according to the bus driver's own version of the accident the accident would have happened if the truck had been moving instead of standing still, and that it would have happened regardless of whether or not there was a tail light on the bus.'' In other words, he argues that the sole proximate cause of the accident was the negligence of the stage driver. Assuming that the lights of the stage were such that it would have overtaken and run into the truck had it been moving, it does not follow that such would have resulted had the truck been equipped with that signal of danger, a red tail-light. Nor do we think that an appellate tribunal is justified in saying that the accident would

have happened had the truck been moving. These facts were submitted to the jury under appropriate instructions and they concluded from the facts that the defendants were concurrently negligent. Under the circumstances we are not justified by the record in saying that there was no concurring negligence on the part of the defendant Cauldwell.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.