[Civ. No. 3943. Third Appellate District.—February 20, 1930.]

LILLIE M. KELLER, Administratrix, etc., Appellant, v. FRANK CUSHMAN, Respondent.

Rich & Weis and Arthur M. Bundy for Appellant.

Warren Steel and Homer Lingenfelter for Respondent.

PLUMMER, J.—The deceased William E. Keller met his death while riding as a guest in an automobile operated by the defendant Frank Cushman, in a collision which occurred between the automobile driven by the defendant and an automobile driven by one Bangs, and this action was prosecuted by the administratrix of the estate of the deceased to recover damages therefor. At the conclusion of the plaintiff's case the court granted the defendant's motion

for nonsuit, and it is from the judgment entered thereon in favor of the defendant that the plaintiff appeals.

The record shows that the deceased and the defendant had been acquainted for a short time and were in the county of Sutter looking for work; that on the day of the automobile collision referred to herein, they had been out looking for employment, had secured the same and were returning to their respective places of residence, traveling eastward on one of the highways of said county; that while so driving eastward, an automobile driven by one Bangs, being propelled in a northerly direction, collided with the automobile driven by the defendant, at an intersection of two highways in said county. The record shows that the automobile driven by Bangs collided with the automobile driven by the defendant Cushman by striking the latter automobile about the center of the right-hand side, on which side the deceased Keller was then sitting. The force of the collision was such that the Cushman automobile was overturned. The injuries received by William E. Keller in the collision, subsequently resulted in his death.

There is no testimony in the record disclosing just where the collision occurred upon the intersection of the two highways, nor is there any testimony in the record indicating which automobile entered the intersection first, or which one had the right of way. Nor is there any testimony in the record indicating that the driver of either automobile was exceeding the speed limit of the California Vehicle Act.

In addition to what we have just stated, the following testimony appears in the transcript, as given by the witness Pepmiller: "Q. Did you have any talk with Mr. Cushman as to how the accident occurred? A. Yes. I asked him how it happened and he said he didn't know. Q. Did you have any talk with Mr. Bangs? A. I did. Q. In Mr. Cushman's presence and hearing? A. Mr. Cushman was still in his machine when I walked over to where Mr. Bangs was. Mr. Cushman was kind of knocked out; he was walking around in a circle when I got there, and I went over and asked Cushman how it happened, and he said, 'partner, don't ask me; I don't know.' Q. Did they say anything to either of them about it being an unavoidable accident, or anything of that kind? A. I asked Mr. Bangs how it happened; I asked him who was in the fault, and he said, 'I

don't blame the other man at all.' Mr. Cushman told me he didn't blame the other man, either. Q. Did he say anything about what they were doing? A. He said they were coming out of that road from the west, they were looking over toward that service station there, thinking it would be a good place to rent while they were working for Mr. Plummer.''

No other testimony was introduced as to the circumstances attending the collision. Mr. Bangs, the driver of one of the automobiles, was not placed upon the witness-stand. All that is shown is the fact of a collision in which a car driven by a person other than the defendant, collided with the car driven by the defendant. Whether the car driven by the defendant was where it had a legal right to be at the time of the collision, or was where it had no legal right to be, is a pure question of surmise or guess.

■ Upon this appeal the plaintiff relies upon the doctrine of *res ipsa loquitur*, and contends that the mere fact of showing a collision and the injury of the deceased, places upon the defendant Cushman the necessity of explaining the occurrence. It is likewise argued that the testimony of Cushman that they had been looking toward a service station, charges him with negligence. This testimony, however, is so indefinite and uncertain that it cannot be said at what period of time the defendant and the deceased were looking toward the service station.

While a number of cases have been referred to by the respective counsel, illustrating the doctrine of *res ipsa loquitur*, we do not deem it necessary to go into an extensive analysis of the different cases having to do with that doctrine. In the case of *Scellars* v. *Universal Service*, 68 Cal. App. 252 [228 Pac. 879], the general doctrine relative to the application of the rule being discussed, is thus stated: ''In order that the maxim *'res ipsa loquitur'* may apply, it must first be shown that the person held liable had control and management of the thing in question.'' And further: ''Where it is a matter of surmise only, that the damage was due to a cause for which the defendant is liable, the doctrine is inapplicable.'' A number of authorities illustrating the rule, are set forth in that case.

In the case of *Riggsby* v. *Tritton*, 143 Va. 903 [45 A. L. R. 280, 129 S. E. 493], we find the following: ''There must

be reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.''

In 45 C. J. 1212, section 780, the text, supported by an abundance of authorities, reads: ''The doctrine of *res ipsa loquitur* does not dispense with the general rule requiring plaintiff to prove that defendant's negligence was the proximate cause of the injury complained of, but in order to render the doctrine applicable and a presumption of negligence to attach to defendant, the nature and circumstances of the accident must be of such a character that there could be no reasonable inference but that the injury complained of was due to the negligence of the defendant or of others for whose acts he is legally responsible. Accordingly, where there are two or more persons or causes which might have produced the injury, some, but not all of which were under the control of the defendant, or for which he was legally responsible, plaintiff, in order to invoke the doctrine, must exclude the portion of those causes for which the defendant is under no legal obligation. . . . Where either one of two defendants, wholly independent of each other, may be responsible for the injury complained of, the rule of *res ipsa loquitur*, in accordance with the preceding principles, cannot be applied.''

In the case at bar one of the automobiles was under the control and management of a man by the name of Bangs, and by reason of the fact that the car driven by Bangs, collided with the side of the car driven by the defendant, it is just as reasonable to infer that Bangs was wholly responsible for the collision as to infer that the defendant was responsible for the injuries resulting in the death of Keller.

In the case of *Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38], the court had to do with an instance where an automobile and a wagon had come into collision. It was there held that the doctrine of *res ipsa loquitur* did not apply.

The appellant further relies upon the case of *Brown* v. *Davis,* 84 Cal. App. 180 [267 Pac. 754], where it was held by this court that the doctrine of *res ipsa loquitur* applied where the deceased was riding as the guest of an automobile driver. However, in that case only the act of one person was involved, the testimony showing that the deceased was injured by the overturning of an automobile driven by the defendant. There is nothing in the case of *Brown* v. *Davis* supporting the contention that when an automobile collision is shown, and the testimony leaves it uncertain as to which automobile driver was at fault, that the doctrine of *res ipsa loquitur* applies in favor of a guest riding in one of the automobiles in the collision. Although the case of *Brown* v. *Davis, supra,* was cited to this effect in the case of *Wilbur* v. *Home Lumber & Coal Co.,* 131 Or. 180 [282 Pac. 236], by the Supreme Court of Oregon, and a like construction insisted upon by the appellant in the instant case, we find nothing in the opinion which justifies the conclusion of any such holding by this court, and hence, the citation as an authority for such holding must have been through misapprehension.

In the case of *Wilbur* v. *Home Lumber & Coal Co., supra,* it was held that where a collision of an automobile and a truck, through skidding on ice pavement, might have arisen from one or more causes, the doctrine of *res ipsa loquitur* could not apply. In the case of *Brown* v. *Davis, supra,* only the automobile driven by the defendant was involved. In the instant case, just as in the case of *Wilbur* v. *Home Lumber & Coal Co.,* more than one machine was involved, and therefore the general rule which we have heretofore cited from Corpus Juris necessarily applies.

The order of the trial court granting defendant's motion for a nonsuit was and is correct, and the judgment entered thereon must be and the same is hereby affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.