[S. F. No. 14635. In Bank.—February 1, 1934.]

ELLA GODFREY, Respondent, v. C. W. BROWN, Appellant.

Rittenhouse & Snyder, Charles V. Barfield and Eldon B. Spofford for Appellant.

Ford & Johnson, F. A. Cutler and Wyckoff, Gardner & Parker for Respondent.

THE COURT.—Appeal from a judgment for the plaintiff in an action to recover damages for personal injuries sustained in a collision between two automobiles.

The plaintiff was riding as a guest in the rear seat of an automobile driven by her brother, the defendant Brown. Brown was driving easterly along Hubbard Street in the city of Santa Cruz and approaching the intersection of that street with Market Street. Hubbard Street enters Market Street from the west, but it does not continue across the intersection. Berkeley Way forms an intersection with Market Street about fourteen feet southerly from the intersection formed almost opposite by Hubbard Street; that is, the southerly boundary of Berkeley Way entering Market Street from the east is about fourteen feet south of the southerly boundary of Hubbard Street entering from the west. Thus there is a fourteen-foot jog to the south on Market Street for a driver entering Berkeley Way from Hubbard Street.

On the morning of January 29, 1928, the defendant Brown, on Hubbard Street, was approaching its intersection with Market Street at practically the same time the defendant Cole on Market Street was approaching the southerly boundary of Berkeley Way from the south. They saw each other. Cole did not look again at Brown after he first saw him, and slowed down, but picked up his speed and continued across the intersection at a rate between twenty and thirty miles an hour. Brown, still watching Cole, without stopping or slowing down, continued straight ahead into

the intersection. He applied no pressure on the brakes until Cole had proceeded so far that the application was insufficient to prevent the hooking of the left front of Brown's car with the left rear of Cole's bumper or fender. As a result, Brown's car was dragged by Cole's and overturned against the curb on the opposite side of Market Street. The plaintiff was extricated in an unconscious condition and received serious injuries. She sued the drivers of both cars. The jury awarded a verdict of $7,500 against both defendants. The defendant Brown alone appeals.

The injury occurred prior to the effective date of section 141¾ of the California Vehicle Act, and the cause of action based on negligence was therefore maintainable as against the appellant. (*Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438].)

Several alleged errors in the giving of and refusal to give certain instructions and misconduct of counsel claimed to be prejudicial to the rights of the appellant are urged as grounds for reversal.

Toward the conclusion of the trial one of the jurors asked whether the defendant Brown carried liability insurance. The court told the jury that that was not a proper question. Counsel for the defendant Brown made the statement: "I would like to answer that but do not insist on it." The plaintiff's counsel waived any objection to an answer, but no answer was made and the court instructed counsel to proceed with the conduct of the trial. The defendant Brown asked for an instruction admonishing the jury that no insurance company was a party to or interested in the outcome of the action. The court modified the instruction to the effect that the only parties to or interested in the outcome of the case were the plaintiff on the one hand and Brown and Cole on the other. On this showing we conclude that the defendant Brown was not prejudiced. It is further insisted, however, that when these proceedings took place the plaintiff's counsel giggled, chortled, smiled and glanced knowingly at the jury for the evident purpose of conveying an affirmative answer to the juror's question. These proceedings and conduct were presented to the trial court in affidavits and counter-affidavits on a motion for a new trial, which placed the alleged misconduct of counsel in issue. We cannot say on the record presented that the

denial of the motion made on that ground was an abuse of discretion.

 The court instructed the jury that at the time of the accident the law provided that "Where two vehicles approach an intersection of public highways at approximately the same time the vehicle approaching from the right shall have the right of way provided such vehicle is traveling at a lawful rate of speed." (Stats. 1925, p. 412.) Further, that if Brown and Cole approached the intersection of Hubbard Street and Berkeley Way with Market Street at approximately the same time, and Cole was driving at a lawful rate of speed, Cole had the right of way over Brown approaching from the left and it was the duty of Brown to yield the right of way. It is urged that this instruction is ambiguous because it does not define the south boundary of the intersection. The theory of counsel is that if the southerly boundary of the intersection is an extension of the southerly line of Hubbard Street, the defendant Brown would have arrived at the intersection first and the instruction would be erroneous. If the jury understood from the instruction and from the map before it that an extension of the southerly side of Berkeley Way constituted the southerly boundary of the intersection of both cross streets with Market Street, it was not an incorrect understanding. At this intersection with such a short jog into the opposite street, a driver approaching Market Street from Hubbard and intending either to make a left turn or to proceed across into Berkeley Way is compelled to consider the traffic flowing northerly on Market Street approaching Berkeley Way before he executes his intention. There was nothing erroneous, therefore, in the assumed definition of the intersection. Furthermore, there is no showing that the defendant Brown requested an instruction embodying a definition of the boundaries of the intersection. He offered an instruction on the same subject which incorporated the word "reached". That word was changed to "approached" by the trial court and given as asked. No error can be predicated on the modification in view of the provisions of section 131 (a) of the California Vehicle Act then in force. (Stats. 1925, p. 412.) The appellant also urges that the instruction is incomplete inasmuch as it does not define the defendants' respective rights if it be found that the defend-

ant Brown entered the intersection first. The instruction covered the subject of the subdivision as it then existed. The defendant Brown did not request an instruction on the claimed omission, nor did he incorporate any comment thereon in the instruction on the same subject requested by him and given by the court. If he desired such an instruction he should have made the appropriate request. Furthermore, it must be assumed that the jury understood that if the facts stated in the instruction were not found, Cole did not have the right of way. This is not inconsistent with the result in the case of *Keyes* v. *Hawley*, 100 Cal. App. 53 [279 Pac. 674], cited by the appellant, where the evidence was that the appellant's car had entered the intersection when his co-defendant's car was several car lengths beyond the intersection. In the present case the evidence without substantial conflict is that both cars approachd the intersection as defined by the court at approximately the same time.

The appellant questions the correctness of an instruction given which told the jury that an operator of an automobile is not necessarily exempt from liability by simply showing that he complied with the law relating to the rate of speed, but that he still is bound to anticipate the presence of other vehicular traffic, and that he must keep a "proper" lookout and keep his vehicle under such control as will enable him to avoid a collision with another automobile which is operated with reasonable care "and, if the situation requires, he must exercise reasonable care to slow up and if reasonably necessary, stop". It is claimed that such an instruction takes from the jury the question of what constitutes ordinary care under the circumstances. This is not the effect of the instruction. Whether or not slowing up or stopping was necessary or reasonable and what was the proper conduct of both defendants under the circumstances was expressly left with the jury. Similar instructions have heretofore been approved. (*Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739]; *Schatte* v. *Maurice*, 116 Cal. App. 161 [2 Pac. (2d) 489].)

The only remaining contention is that the court erred in applying the doctrine of *res ipsa loquitur* in the case. The court instructed the jury: "Where one is riding in an automobile as an invited guest; and the driver of the

car is in the exclusive control thereof; and if it is shown that the car, while being so driven, is overturned, the doctrine of *res ipsa loquitur* is applicable. That doctrine is stated as follows: 'Where the thing is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, the fact of the accident affords reasonable evidence, in the absence of explanation by the defendant, that the accident came from want of care.''

The appellant cites *Keller* v. *Cushman*, 104 Cal. App. 186 [285 Pac. 399], *Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38], *Scellars* v. *Universal Service Co.*, 68 Cal. 252 [228 Pac. 879], and *Harrison* v. *Sutter St. Ry. Co.*, 134 Cal. 549 [66 Pac. 787, 55 L. R. A. 608], to uphold the contention advanced by him that where the plaintiff's injury results from a collision between two automobiles, the doctrine of *res ipsa loquitur* is not applicable, and an inference of negligence against the party in whose automobile the plaintiff was riding as a guest does not arise. The basis of the distinction sought to be made by the appellant, viz., that the circumstances surrounding the injury must be such that there can be no reasonable inference other than that the injury was due to the acts of the defendant sought to be charged, is applied to prevent the inference being raised in cases involving instrumentalities other than vehicles. The doubt arising in cases involving a collision between two vehicles and the plaintiff a passenger in one, has been dissipated in those cases at least wherein the facts are that the plaintiff was a passenger for hire in the defendant's train, street-car, bus or taxicab. (*St. Clair* v. *McAlister*, 216 Cal. 95 [13 Pac. (2d) 924]; *Housel* v. *Pacific Elec. Ry. Co.*, 167 Cal. 245 [139 Pac. 73, Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105]; *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280 [70 Pac. 169, 92 Am. St. Rep. 171]; *Holt* v. *Yellow Cab Co.*, 124 Cal. App. 385 [12 Pac. (2d) 472]; *Sloan* v. *Original Stage Line Inc.*, 124 Cal. App. 317 [12 Pac. (2d) 465]; *Kilgore* v. *Brown*, 90 Cal. App. 555 [266 Pac. 297]; *Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627]; *Atkinson* v. *United Railroads of San Francisco*, 71 Cal. App. 82 [234 Pac. 863].) In that class of cases the doctrine has been limited in its application to the defendant who was

carrying the plaintiff as a passenger. . (*Tompkins* v. *Clay St. R. R. Co.*, 66 Cal. 163 [4 Pac. 1165]; *Harrison* v. *Sutter St. Ry. Co.*, 134 Cal. 549 [66 Pac. 787, 55 L. R. A. 608].)

No doubt is entertained that the doctrine is applicable when the plaintiff has been injured in an accident involving only the car being driven by the defendant who is not a common carrier, as well as where the defendant is a common carrier. (*Cookson* v. *Fitch*, 116 Cal. App. 544 [3 Pac. (2d) 27]; *Queirolo* v. *Pacific Gas & Elec. Co.*, 114 Cal. App. 610 [300 Pac. 487]; *Ireland* v. *Marsden*, 108 Cal. App. 632 [291 Pac. 912]; *Crooks* v. *White*, 107 Cal. App. 304 [290 Pac. 497]; *Brown* v. *Davis*, 84 Cal. App. 180 [257 Pac. 877].)

The statement of the doctrine held applicable is taken from section 59 of Shearman and Redfield on Negligence, sixth edition, and is the statement given to the jury in the present case, viz.: "When a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." (*Housel* v. *Pacific Elec. Ry. Co.*, *supra*, p. 247.)

The appellant contends that where a collision between two vehicles is involved and the plaintiff is a passenger in one, the application of the doctrine should be restricted to those cases wherein the defendant sought to be charged was a common carrier.

In a few of the cases wherein the defendant sought to be charged was a common carrier and the plaintiff its passenger, there is language which appears to place the reason or basis for the application of the doctrine on the higher degree of care required to be exercised in the transportation of the passenger for hire. (*McCurrie* v. *Southern Pac. Co.*, 122 Cal. 558, 561 [55 Pac. 324]; *Housel* v. *Pacific Elec. Ry. Co.*, 167 Cal. 245, 249 [139 Pac. 73, Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105]; *St. Clair* v. *McAlister*, 216 Cal. 95 [13 Pac. (2d) 924].)

The inference of negligence which is stated to arise when the plaintiff has been injured by the vehicle under the control of the defendant as a common carrier, and which places upon the defendant the burden of going forward with evi-

dence that the injury was not caused by its negligence (*Bush* v. *Barnet*, 96 Cal. 202 [31 Pac. 2]; *McCurrie* v. *Southern Pac. Co., supra; Osgood* v. *Los Angeles Traction Co., supra*), is the same in all practical respects as in cases where the doctrine of *res ipsa loquitur* has been applied. In some of the cases the conclusion that the inference is established is based on both grounds. (*Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584]; *St. Clair* v. *McAlister, supra*.) In others the inference is considered established by the application of the principles underlying the doctrine of *res ipsa loquitur*, both in cases where no collision occurred as well as where another vehicle was involved. (*Holt* v. *Yellow Cab Co.*, 124 Cal. App. 385 [12 Pac. (2d) 472]; *Sloan* v. *Original Stage Line, Inc.*, 124 Cal. App. 317 [12 Pac. (2d) 465]; *Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627]; *Seney* v. *Pickwick Stages*, 82 Cal. App. 226 [255 Pac. 279]; *Harvey* v. *Dillingham*, 81 Cal. App. 443 [253 Pac. 970]; *Atkinson* v. *United Railroads of San Francisco*, 71 Cal. App. 82 [234 Pac. 863]; *Leitert* v. *Pickwick Stages*, 68 Cal. App. 504 [229 Pac. 889].) The workability of the rule that the inference of negligence arises is the same under either theory, and is summed up in *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280, at page 283 [70 Pac. 169, 92 Am. St. Rep. 171], in the following language: "If the fault or negligence which was the proximate cause of the injury was attributable to some other vehicle under other and independent control, the defendant could so show, and that would be a good defense, but the presumption of defendant's negligence arises regardless of the fact that the injury may have been caused by some other agency. The instruction did not shift the burden of proof of the whole case to defendant. It was nothing more than saying that, upon the particular issue, plaintiff has established negligence on defendant's part, and defendant must meet this proof by 'showing that the injury was without any negligence on its part.'"

We come then to the case of *Smith* v. *O'Donnell*, 215 Cal. 714 [12 Pac. (2d) 933], in which the plaintiff, being carried as a guest passenger in the defendant's airplane, received injuries as a result of a collision between it and a plane flown by Ebrite. While in that case it was held that the defendant was a common carrier and owed the same duty of

care to the plaintiff as to a passenger for hire, and it was noted that the doctrine of *res ipsa loquitur* was most frequently applied against common carriers, nevertheless the underlying principles of the doctrine were held applicable by virtue of the facts of the accident itself. The court said: "The question really is whether the doctrine was applicable under the facts proved. It should be remembered that the injury was occasioned by a collision in the air with the plane of Ebrite. The foundation or reason for the doctrine is based upon probabilities and convenience. When it is shown that the occurrence is such as does not ordinarily happen without negligence on the part of those in charge of the instrumentality, and that the thing which occasioned the injury was in charge of the party sought to be charged, the law, operating upon the probabilities and the theory that if there was no negligence the defendant can the most conveniently prove it, raises a presumption of negligence which the defendant must overcome by proof that there was in fact no negligence. (*O'Connor* v. *Mennie,* 169 Cal. 217 [146 Pac. 674, 676]; *Judson* v. *Giant Powder Co.,* 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020]; *Kahn* v. *Triest-Rosenberg Cap. Co.,* 139 Cal. 340 [73 Pac. 164].) In other words, as is said in the first cited case: ' . . . To justify its application in any case, the circumstances of the accident must be such as, unexplained, afford reasonable evidence of want of care in a respect for which the defendant is liable in the particular action. . . . ' " It was also said: "If the proper degree of care is used a collision in midair does not ordinarily occur, and for that reason the doctrine was properly submitted to the jury." It is to be noted that in that case the plane of Ebrite crashed upward through the right wing of the defendant's plane. (*Ebrite* v. *Crawford,* 215 Cal. 724, 727 [12 Pac. (2d) 937].) Nevertheless it was held that the plaintiff Smith was entitled to rely upon the doctrine inasmuch as such a collision in midair does not ordinarily occur if the defendant has exercised the degree of care required of him.

It is manifest from the decided cases that no distinction can properly be made, and the application of the doctrine of *res ipsa loquitur* be refused, as against a defendant who had control of the vehicle in which the plaintiff was a passenger, merely on the ground that the defendant was

not a common carrier. When the relationship between the parties and the defendant's duty have been shown, a plaintiff, free from negligence, has established a *prima facie* case when proof is made that he has sustained injury in a collision between the vehicle driven by the defendant and another vehicle. And this is so, whether the defendant be a common carrier or a private carrier, and the plaintiff a passenger for hire or a guest. As in a case where no other vehicle is involved, i. e., where the vehicle in which the plaintiff was riding overturns or is run into an obstruction, the inference raised may be overcome by the defendant's showing that the collision was not due to his negligence. And in a case such as the present this showing may be established by proof that the injury was caused solely by the negligence of the driver of the other vehicle. If the doctrine of *res ipsa loquitur* is applicable at all in the present case, it is obvious that it applies as stated and not as limited by the trial court in the first part of the instruction complained of, viz., to the overturning of the car. Also, if the doctrine applies, the limitation stated in the instruction cannot be a subject of complaint by the appellant.

The facts in the present case justify the implied finding of the jury that the appellant perceived Cole during the time both were entering the intersection, and in the exercise of ordinary care under the circumstances should have been able to avoid the impact with Cole's car. It is no answer in this case to say that Cole, because he was exceeding the speed requirements at that intersection, did not have the right of way. On the record the jury could properly find that Brown must have seen that Cole in any event intended to take the right of way, and in the exercise of ordinary care in so far as the plaintiff was concerned, should have yielded that right to Cole.

*Keller* v. *Cushman*, 104 Cal. App. 186 [285 Pac. 399, 400], relied on by the appellant, involved an appeal by the plaintiff from a judgment entered on an order granting the defendant's motion for a nonsuit. The plaintiff's decedent was killed when at an intersection of two highways another automobile struck the automobile in which he was riding as a guest. The plaintiff sued the driver of the automobile in which the decedent was riding. As to the facts the reviewing court stated: "All that is shown is the fact of

a collision in which a car driven by a person other than the defendant, collided with the car driven by the defendant,'' and that the facts otherwise showed that the defendant was free of negligence. The court held that the plaintiff was not entitled to the application of the doctrine of *res ipsa loquitur*. In arriving at that conclusion the court followed the cases of *Scellars* v. *Universal Service, supra,* and *Diamond* v. *Weyerhaeuser, supra.* In the former case the principle relied upon by the court in the case of *Keller* v. *Cushman, supra,* was employed to deny the application of the doctrine of *res ipsa loquitur* to facts involving injury to the plaintiff's automobile supposedly while it was in the charge and control of the defendant garage. In *Diamond* v. *Weyerhaeuser, supra,* the plaintiff was on a milk wagon which collided with the defendant's automobile. On appeal by the plaintiff from a judgment entered on a directed verdict, it was held that negligence in such a case was not to be inferred from the mere fact of injury. In the case of *Keller* v. *Cushman, supra,* the court did not distinguish the case before it as involving the defendant as the driver of the car in which the plaintiff was riding as a passenger at the time of the collision.

The cases of *Scellars* v. *Universal Service* and *Diamond* v. *Weyerhaeuser, supra,* also relied upon by the appellant, are therefore disposed of as being not in point on the facts.

In *Harrison* v. *Sutter Street Ry. Co.,* 134 Cal. 549 [66 Pac. 787, 55 L. R. A. 608], wherein the plaintiff was injured while a passenger on a street-car when it collided with a brewery wagon, the court, following *Tompkins* v. *Clay St. R. R. Co.,* 66 Cal. 163 [4 Pac. 1165], held that an instruction seeking to apply the doctrine of *res ipsa loquitur* against the operators of both vehicles who were made defendants was properly refused.

In *Edwards* v. *Gullick,* 213 Cal. 86, 88 [1 Pac. (2d) 11], the plaintiff was injured while riding as a guest in an automobile driven by the defendant Gullick, which collided with another automobile. It was not concluded that an instruction which applied the doctrine of *res ipsa loquitur* as against Gullick was erroneous on the ground urged in that case and stated in *Keller* v. *Cush man, supra;* but it was held that if the instruction was error in that respect it was

harmless, inasmuch as the negligence of the defendant Gullick was established by the facts in evidence.

There is no contention in the present case that the court did not properly instruct the jury that the burden rested upon the plaintiff at all times to prove her case by a preponderance of the evidence; nor is there any claim that the damages awarded were excessive.

We conclude that the giving of the instruction complained of was not error and that the record supports the jury's implied finding that the defendant did not overcome the inference that the accident was due to negligence on his part.

Judgment affirmed.

THOMPSON, J., Dissenting. — I dissent. In my judgment, the majority opinion unduly extends the application of the doctrine of *res ipsa loquitur*. In the earlier cases it was thought that the doctrine was never applicable in those cases where two instrumentalities under separate control were involved in the accident. (*Harrison* v. *Sutter St. Ry. Co.*, 134 Cal. 549 [66 Pac. 787, 55 L. R. A. 608], and *Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38].) Lately, it has been held proper to extend application of the rule to one of two involved instrumentalities where, at the time of the accident, it was a common carrier vehicle and where the plaintiff was seeking to establish the concurring negligence of those in control of both. (*Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627], and *St. Clair* v. *McAlister*, 216 Cal. 95 [13 Pac. (2d) 924].) The reason for extending the application of the doctrine to the last-mentioned cases lies in the fact that common carriers must exercise "the utmost care and diligence" for the safety of their passengers. (Sec. 2100, Civ. Code; *Housel* v. *Pacific Elec. Ry.*, 167 Cal. 245 [139 Pac. 73, Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105]; *Smith* v. *O'Donnell*, 215 Cal. 714, 723 [12 Pac. (2d) 933].) In the last-cited case, after referring to the language of the first to the effect that by reason of the very high degree of care required of common carriers such accidents do not ordinarily occur, it is said: "The language is peculiarly apt in the instant case. If the proper degree of care is used a collision in midair does not ordinarily occur, and for that reason the doctrine was properly submitted to

the jury." However, the same may not be said of one driving an automobile who is under the necessity of exercising only that degree of care which the ordinarily reasonable man would exercise. Common knowledge dictates to us that automobiles collide with great frequency, where one of the drivers thereof is using ordinary care. Hence the distinction between the two is well illustrated by the familiar statement that " . . . [T]he doctrine is applicable only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence and in the light of ordinary experience would presumably not have happened if those who had the management or control exercised proper care." (45 C. J. 1211.)

The distinction is well pointed out in *Griffen* v. *Manice,* 166 N. Y. 188 [59 N. E. 925, 82 Am. St. Rep. 630, 52 L. R. A. 922], in these words: "Of course the relation of the parties may determine the fact to be proved, whether it be the want of the highest care or only want of ordinary care; and, doubtless, circumstantial evidence like direct evidence may be insufficient as a matter of law to establish the want of ordinary care, though sufficient to prove absence of the highest degree of diligence." And, in *East End Oil Co.* v. *Pennsylvania Torpedo Co.,* 190 Pa. 350–352 [42 Atl. 707, 708], the same fundamental difference is noted as follows: "The maxim *res ipsa loquitur* is itself the expression of an exception to the general rule that negligence is not to be inferred, but to be affirmatively proved. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer."

There is a still further reason for the application of the doctrine to common carriers generally which does apply here, and it is this, that the doctrine is based in part upon what is sometimes called the rule of convenience and sometimes called the rule of necessity, i. e., "as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, exclusively vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defend-

ant, being more favorably situated, possesses the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation''. (45 Cal. Jur. 1205.)

In the instant cause, it cannot be said that defendant's knowledge of the cause of the accident was superior to that of plaintiff, nor is any reason assigned why the latter should not prove the negligence of the former, if he was, in fact, guilty.

Furthermore, in order to arrive at the result reached in the prepared opinion, the cases of *Keller* v. *Cushman,* 104 Cal. App. 186 [285 Pac. 399], and *Gritsch* v. *Pickwick Stages System,* 131 Cal. App. 774 [22 Pac. (2d) 554], must be overruled. In my opinion, they cannot in principle be distinguished and, for the reasons already stated, we should adhere to the rule announced therein.

Langdon, J., concurred.

Rehearing denied.

Langdon, J., and Thompson, J., dissented.